# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**YEHUDA LITVINCHOUK on behalf of himself and
all other similarly situated**

                      **Plaintiff,**

Index No.: 09-CV-4594
(Hurley, J.)
(Lindsay, M.J.)


                                          **ANSWER**

**ERIC M. BERMAN, P.C.,**

                      **Defendant.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


Defendant, ERIC M. BERMAN, P.C., by Eric M. Berman, attorney for Defendant, as and for its Answer and Affirmative Defenses to Plaintiff's Complaint,  alleges as follows:

1.      Defendant denies all allegations contained in Paragraph 1 of the Complaint.


## PARTIES

2.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Complaint;  that said allegations form  a legal conclusion which is not subject to denial or admission; and refers all questions of law to this Honorable Court..

4.      Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained in Paragraph 5 of the Complaint to the extent that Defendant represents its clients in the collection of just debts duly owed them by

-1-

businesses and consumers.

6.      Defendant admits the allegations contained in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.      Defendant admits that this Court has subject matter jurisdiction over this matter as alleged in Paragraph 7 of the Complaint.

8.      Defendant admits the allegations contained in Paragraph 8 of the Complaint.

## ALLEGATIONS PARTICULAR TO YEHUDA LITVINCHOUK

9.      Defendant admits the allegations contained in Paragraph 9 of the Complaint

10.     Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint; that upon information and belief, the amount demanded in said letter was the balance of Plaintiff's account charged-off by American Express pursuant to Federal Law and Regulation as of the date of charge-off to which no additional interest was added.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint; that upon information and belief, the amount demanded in said letter was the balance of Plaintiff's account charged-off  by American Express pursuant to Federal Law and Regulation as of the date of charge-off to which no additional interest was added.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

-2-

16.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Complaint.  Defendant admits that one of Defendant's Account Representatives did speak with Plaintiff on October 1, 2009.  During that telephone discussion, Plaintiff informed the Account Representative that Plaintiff was filing for bankruptcy and that Rivka Minsky was an authorized user of said account.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint. Notwithstanding the foregoing, in the event that such a message was left, it was not made by the use of a predictive telephone dialer or other automated telephone calling device, and it provided the identity of the debt collector which had sent the alleged letter of September 29, 2009, containing the case number referenced in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint. Notwithstanding the foregoing, in the event that such a message was left, it was not made by the use of a predictive telephone dialer or other automated telephone calling device, and it provided the identity of the debt collector which had sent the alleged letter of September 29, 2009, containing the case number referenced in Paragraph 17 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint. Notwithstanding the foregoing, in the event that such a message was left, it was not made by the use of a predictive telephone dialer or other automated telephone calling device, and it provided the identity of the debt collector which had sent the alleged letter of September 29, 2009, containing the case number referenced in Paragraph 17 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

23.     Defendant repeats, re-iterates and re-alleges all responses to allegations set forth in Paragraphs 1 through 22 of Plaintiff's Complaint as if fully reprinted herein.

24.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 and sub-paragraphs (a), (b) and (c) of the Complaint.   Said letter contained no demand for interest.  Upon information and belief, the demand the letter did contain was the charge-off balance charged-off by American Express pursuant to Federal Law and Regulation.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in the allegations of Paragraph 29 and sub-paragraphs (A) through and including (E) of the Complaint, and refers all questions of law to this Honorable Court.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint and refers all questions of law to this Honorable Court.

31.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Complaint and refers all questions of law to this Honorable Court.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint and refers all questions of law to this Honorable Court.


## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICE ACT

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.


## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

35.     Defendant repeats, re-iterates and re-alleges all statements set forth in Paragraphs 1 through 34 hereof as if fully reprinted herein.

36.     The Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendant and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Defendant, including the certification of one or more classes of plaintiffs.


## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

37.     Defendant repeats, re-iterates and re-alleges all statements set forth in Paragraphs 1 through 36 hereof as if fully reprinted herein.

38.     If any alleged violation actually occurred, it was unintentional and the result of a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

39.     The letter as alleged in Paragraph 10 of the Complaint contains correct and accurate

representations.

40.     The message as alleged in Paragraph 17 of the Complaint, despite being a message which is not authorized in Defendant's procedures and guidelines, contains sufficient information to comply with the requirements of the Fair Debt Collection Practices Act.


## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

41.     Defendant repeats, re-iterates and re-alleges all statements set forth in Paragraphs 1 through 40 hereof as if fully reprinted herein.

42.     Plaintiff has not suffered any damage or injury as a result of any action on the part of Defendant.


## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

43.     Defendant repeats, re-iterates and re-alleges all statements set forth in Paragraphs 1 through 42 hereof as if fully reprinted herein.

44.     Plaintiff alleges that the letter of September 29, 2009, contained interest that was not disclosed and did not accurately reflect the current amount of the debt.  *See* Plaintiff's Complaint at Paragraphs 10 through 15 and Paragraph 22.

45.     The amount that was demanded in said letter was the charge-off balance provided by American Express.  No additional interest was demanded and payment of the amount in said letter would have been accepted as full and complete payment of the debt.

46.     Plaintiff's allegations concerning said letter are baseless.  The sending of a letter that complies with the requirements of the Fair Debt Collection Practices Act including correct and proper representations does not violate said Act, and does not does not rise to a level sufficient to

support the joinder and certification of a class as alleged by Plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

47.     Defendant repeats, re-iterates and re-alleges all statements set forth in Paragraphs 1 through 46 hereof as if fully reprinted herein.

48.     Plaintiff alleged that a telephone message was left for the Plaintiff on or about October 1, 2009, and that said message did not state that it concerned the collection of a debt or that the message was from a debt collector.  *See* Plaintiff's Complaint at Paragraphs 16 through 22.

49.     It is clear from the phone discussion by and between Plaintiff and one of Defendant's Account Representatives on October 1, 2009, that Plaintiff clearly knew that "Eric Berman" was a debt collector collecting the debt Plaintiff owed to American Express.

50.     During said telephone discussion, Plaintiff informed Defendant's Account Representative that he was going to file a petition in bankruptcy and that the other person on the account, Rivka Minsky, was an authorized user of said account.  Ms. Minsky's name was included in the letter, but it was not included in the allegations made concerning the alleged telephone message.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

51.     Defendant repeats, re-iterates and re-alleges all statements set forth in Paragraphs 1 through 50 hereof as if fully reprinted herein.

52.     All telephones calls, if any, were not made with or through the use of a predictive telephone dialer or other automated telephone dialing device.

53.     The telephone message allegedly left for Plaintiff would have been made by an individual, would be unique to Plaintiff, and does not rise to a level sufficient to support the joinder and certification of a class as alleged by Plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

54.     Defendant repeats, re-iterates and re-alleges all statements set forth in Paragraphs 1 through 53 hereof as if fully reprinted herein

55.     Defendant did not make any false or misleading representations.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

56.     Defendant repeats, re-iterates and re-alleges all statements set forth in Paragraphs 1 through 55 hereof as if fully reprinted herein.

57.     Defendant acted in good faith reliance on the information provided by its client.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

58.     Defendant repeats, re-iterates and re-alleges all statements set forth in Paragraphs 1 through 57 hereof as if fully reprinted herein.

59.     Defendant acted reasonably and with due care at all times relevant to this action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

60.     Defendant repeats, re-iterates and re-alleges all statements set forth in Paragraphs 1 through 59 hereof as if fully reprinted herein.

61.     Defendant reserves the right to assert additional affirmative defenses as such time

and to such extent as warranted by discovery and the factual developments in this case.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint in its entirety, together with costs, disbursements and attorney's fees in defending this action, and for such other and further relief as this Court may deem just and proper.

Dated: December 22, 2009

Respectfully submitted,

_Eric M. Berman_

_____
ERIC M. BERMAN, ESQ.  (EB-1262)
Attorney for Defendant
500 West Main Street, Suite 212
Babylon, New York 11702
631-486-4900

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Adam J. Fishbein, Esq.
Attorney for Plaintiff
483 Chestnut Street
Cedarhurst, New York 11516

_____
Eric M. Berman